IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SHELBY WILLIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AEROTEK, INC.<br><br>　　　　　Defendant. | Case No. 3:24-cv-305-DJH<br><br>(formerly Civil Action No. 24-CI-001039 in the Circuit Court of Jefferson County, Kentucky) |

## NOTICE OF REMOVAL

Defendant Aerotek, Inc. ("Defendant" or "Aerotek"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-captioned action from the Circuit Court of Jefferson County, Kentucky, Civil Action No. 24-CI-001039, to the United States District Court for the Western District of Kentucky, Louisville Division. In support of removal, Defendant provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

### Nature of Removed Action

1. On February 10, 2024, Plaintiff Shelby Willis ("Plaintiff") filed this action, *Shelby Willis v. Aerotek, Inc.*, in the Circuit Court of Jefferson County, Kentucky, Civil Action No. 24-CI-001039.

2. The Complaint asserts alleged causes of action under Kentucky's Civil Rights Act, KRS 334.010, *et seq.*, for discrimination because of Plaintiff's sex, female, and on the basis of her pregnancy, childbirth, and related medical conditions.

3. Plaintiff is seeking lost wages, front pay, and compensatory damages, including for her alleged embarrassment, humiliation, and mental anguish.

4. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders which have been filed in the underlying matter are attached as **Exhibit A**. A copy of the state docket, showing all filings and activity to date, is attached as **Exhibit B**.

### Basis of Removal

5. Removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### *There is Complete Diversity Between the Parties*

6. A defendant may remove an action based on diversity of citizenship jurisdiction if there is complete diversity between all named plaintiffs and all named defendants, and no properly named defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

7. Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

8. Plaintiff alleges in her Complaint that she is a citizen of Indiana, residing in Sellersburg, Indiana. *See* Ex. A, at Compl., ¶ 1. Upon information and belief, Aerotek asserts that Plaintiff is a citizen of the State of Indiana.

9. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The principal place of business is also known as the "nerve center," and is typically the corporation's headquarters, so long as "the headquarters is the

actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Id.* at 93.

10. Defendant is a corporation organized under the laws of Maryland and has its principal place of business in Maryland, and is thus a citizen of that state. *See* Ex. A, Compl., ¶ 2; *see also Friend*, 559 U.S. at 80-81 (citing 28 U.S.C. § 1332(c)(1)); Declaration of Suzanne Russo on Behalf of Defendant Aerotek, Inc., attached hereto as **Exhibit C**, at ¶¶ 4-5.

11. Therefore, complete diversity exists among the parties.

### The Amount in Controversy Exceeds $75,000

12. The amount in controversy also exceeds $75,000.

13. A notice of removal need only contain a "*plausible allegation*" that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added).

14. Though Plaintiff did not indicate an amount sought in her Complaint, in her Responses to Defendant's First Set of Requests for Admission, she:

(a) Denied that her damages resulting from any conduct she alleges defendant committed in this lawsuit are not more than $75,000 in total, inclusive of attorneys' fees and exclusive of interests and costs;

(b) Denied she would not accept anything more than $75,000 in total, inclusive of attorneys' fees and exclusive of costs and interests, even if a jury or judge awarded her more than $75,000 in a trial of this lawsuit; and

(c) Denied would not be entitled to anything more than $75,000 in total, inclusive of attorneys' fees and exclusive of interests and costs, even if a jury or judge awarded her more than $75,000.

*See* Plaintiff's Responses to Defendant's First Set of Requests for Admission, attached as **Exhibit D**.

15. Accordingly, Plaintiff has admitted that the amount in controversy exceeds $75,000.

16. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000, removal is proper.

### Timeliness of Removal

17. Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

18. Though it was apparent at the time Plaintiff filed her Complaint that complete diversity existed between the parties, it could not be ascertained at that time whether the amount in controversy exceeded $75,000.

19. It could first be ascertained that the amount in controversy exceeded $75,000, and therefore that this case was one which was removable, when Plaintiff served her Responses to Defendant's First Set of Requests for Admission on April 22, 2024.

20. Because Aerotek is filing this Notice of Removal within 30 days of April 22, 2024, Aerotek has timely removed this action.

21. Further, as this action has not been pending for more than a year, removal is not prevented by 28 U.S.C. § 1446(c)(1).

## Propriety of Venue

22. Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the Circuit Court of Jefferson County, Kentucky, where the action was pending prior to removal, is a state court within this federal district and division.

## Other Removal Items

23. By filing this Notice of Removal, Aerotek expressly reserves, and does not waive, any and all defenses that may be available to it. If any question arises as to the propriety of removal to this Court, Aerotek requests the opportunity to submit a brief in support of its position that this case has been properly removed and to present oral argument.

24. Pursuant to 28 U.S.C. § 1446(d), Aerotek is contemporaneously filing a Notice of Removal with the clerk of the state court where the lawsuit has been pending and serves notice of the filing of this Notice of Removal on Plaintiff.

WHEREFORE, Defendant removes this action, now pending in the Circuit Court of Jefferson County, Kentucky, Civil Action No. 24-CI-001039 to this Court.

Dated: May 21, 2024

Respectfully Submitted,

*/s/ Kimberly J. O'Donnell*
Kimberly J. O'Donnell (KY Bar # 92637)
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1300
Lexington, KY 40507
Telephone: (859) 288-4696
Email: kim.odonnell@dentons.com

And

Hillary L. Klein (p*ro hac vice* application forthcoming)
KY PHV #PH20534
HUSCH BLACKWELL LLP

736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  816.983.8000
Facsimile:  816.983.8080
Email:  hillary.klein@huschblackwell.com

***Counsel for Defendant***

### CERTIFICATE OF SERVICE

I hereby certify that on May 21st, 2024, a true and accurate copy of the foregoing **Notice of Removal** was electronically filed with the Clerk of Court by using the CM/ECF system, and a copy was served via U.S. Mail, postage prepaid, and electronic mail upon the following:

James M. Bolus, Jr.
Caroline K. Berger
BOLUS LAW OFFICE
600 W. Main Street, Suite 500
Louisville, Kentucky, 40202
(502) 584-1210
(502) 584-1212 -Facsimile
bo@boluslaw.com
caroline@boluslaw.com

*/s/ Kimberly J. O'Donnell*
Counsel for Defendant