# EXHIBIT A

Filed                           24-CI-001039   02/10/2024         David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
05/20/2024 03:03:04
PM

**CASE NO. _____**                    **JEFFERSON CIRCUIT COURT**

**DIVISION ____** 58310-5

**JUDGE _____**

**SHELBY WILLIS**                                              **PLAINTIFF**

**v.**                              **COMPLAINT**
                              **"*Electronically Filed*"**

**AEROTEK, INC.**                                            **DEFENDANT**
**9500 Ormsby Station Road**
**Suite 300**
**Louisville, Kentucky 40223**
        **Serve: Corporation Service Company**
               **421 West Main Street**
               **Frankfort, Kentucky 40601**

* * * * * * * * *

Comes now the Plaintiff, Shelby Willis, by and through counsel, and for Complaint against

the Defendant, Aerotek, Inc., states as follows:

1.      That at all relevant times herein Plaintiff, Shelby Willis, (hereinafter "Shelby" or

"Plaintiff") was a citizen and resident of Sellersburg, Indiana.

2.      That at all times relevant herein Defendant, Aerotek, Inc., (hereinafter "Aerotek")

was and is an active Maryland corporation in good standing, licensed to do, and doing, business in

Louisville, Kentucky. Defendant operates an office located at 9500 Ormsby Station Road, Suite

300, Louisville, Kentucky 40223 where it employed Plaintiff.

3.      The acts and/or omissions complained of herein occurred in Louisville, Jefferson

County, Kentucky.  This action arises under Kentucky's Civil Rights Act, KRS 344.010, *et seq.*,

jurisdiction is conferred over Defendant pursuant to KRS 344.010, *et seq.*, and jurisdiction exists

in this Court by virtue of the fact that the Plaintiff's damages exceed the minimum jurisdictional

threshold of this Court.

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000001 of 000004

Filed                24-CI-001039   02/10/2024        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
05/20/2024 03:03:04
PM                                                                          58310-5

4.      That Plaintiff was subjected to discrimination during the course of her employment culminating in her termination; said discrimination was based upon her female sex; there exists respondeat superior liability; and/or Defendant is "intentionally liable" for the conduct of its supervisory management in failing to take appropriate and effective corrective action -- all in violation of KRS 344.010, *et seq*.

5.      That Defendant discharged Plaintiff and discriminated against her with respect to her privilege of employment because of her sex, female, and this adverse employment action was motivated by a discriminatory animus towards Plaintiff based on her sex.

6.      That on or about February 2021, Plaintiff Shelby was hired by Defendant as a contract sourcer.  After approximately three months, Shelby was promoted to a recruiter.

7.      That on or about September 11, 2023, Shelby sent an email to various Aerotek employees with a list of her doctors' appointments related to her pregnancy with twins.

8.      The following day, on or about September 12, 2023, Shelby's supervisor, Steven Hensley, had a one-on-one meeting with Shelby during which he told Shelby that if she did not reach $12,000 spread by December 31, 2023, she would be fired.

9.      Between September 11, 2023 and October 27, 2023, Shelby continued to work diligently towards Hensley's goal of $12,000 spread and was on track to accomplish this goal by December 31, 2023.

10.     That on or about October 24, 2023, Shelby applied for maternity leave.

11.     That on or about October 27, 2023, only three days after applying for maternity leave, Shelby was terminated.

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000002 of 000004

Filed          24-CI-001039   02/10/2024          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
05/20/2024 03:03:04
PM
58310-5

12.    That Defendant discriminated against, and, ultimately, discharged Plaintiff because of her sex, female, within the meaning of KRS 344.030(8) because of or on the basis of her pregnancy, childbirth, and/or related medical conditions.

13.    That as a direct and proximate result of Defendant's wrongful and illegal discrimination, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, her actual damages, and her costs of the lawsuit, including a reasonable attorney's fee under KRS 344.450.

WHEREFORE, the Plaintiff, Shelby Willis, prays for judgment from the Defendant as follows:

1.    Judgment on her Complaint against Defendant in an amount calculated to fairly and reasonably compensate the Plaintiff for the damages sustained;

2.    Compensatory damages;

3.    Pre- and post-judgment interest;

4.    Trial by jury on any and all issues so triable;

5.    For her costs herein expended, including reasonable attorney's fees; and

6.    For any and all other relief to which she may otherwise be properly entitled.

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000003 of 000004

Filed                        24-CI-001039   02/10/2024                     David L. Nicholson, Jefferson Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

05/20/2024 03:03:04

58310-5

Respectfully Submitted,

James M. Bolus, Jr.
Caroline K. Berger
BOLUS LAW OFFICE
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
bo@boluslaw.com
caroline@boluslaw.com


By: /s/ Caroline K. Berger


## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing has been filed electronically on February 10, 2024 with service of process to be effectuated by the Court Clerk on the agent(s) for service of process listed above.


/s/ Caroline K. Berger

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000004 of 000004

Filed                    24-CI-001039    02/12/2024            David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
05/20/2024 03:05:29
PM

NO. 24-CI-001039                                    JEFFERSON CIRCUIT COURT

DIVISION EIGHT (8)

JUDGE JENNIFER BRYANT WILCOX

**SHELBY WILLIS**                                              **PLAINTIFF**

**v.**                    <u>**NOTICE OF ENTRY OF APPEARANCE**</u>
                               *"Electronically Filed"*

**AEROTEK, INC.**                                              **DEFENDANT**

\* \* \* \* \* \*

Undersigned counsel, James M. Bolus, Jr., hereby notifies this Court of his entry of appearance as co-counsel of record for the Plaintiff in the above action. Counsel further requests that all future pleadings, correspondence, and matters related to this case be sent to the undersigned to the address below:

Respectfully submitted,

James M. Bolus, Jr.
BOLUS LAW OFFICES
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
<u>bo@boluslaw.com</u>

By: <u>/s/ James M. Bolus, Jr.</u>

EA : 000001 of 000002

Filed   24-CI-001039   02/12/2024   David L. Nicholson, Jefferson Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

05/20/2024 03:05:29

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served to the following via the Court's electronic filing system and email on this the 12th day of February, 2024:

Caroline K. Berger
BOLUS LAW OFFICE
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
caroline@boluslaw.com
*Co-Counsel for Plaintiff, Shelby Willis*

/s/ James M. Bolus, Jr.

EA.: 000002 of 000002



AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice        Courts.ky.gov

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **24-CI-001039** ORIGINAL
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

58310-5

05/20/2024 03:06:12 PM

DOCUMENT

*Plaintiff,* **WILLIS, SHELBY VS. AEROTEK, INC**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

Memo: Related party is AEROTEK, INC

The Commonwealth of Kentucky to Defendant:
**AEROTEK, INC**

     You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **2/10/2024**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

     To: _____

☐ Not Served because: _____

Date: _____, 20 _____          _____
                                                        Served By

                                          _____
                                                        Title

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

CI : 000001 of 000001



eFiled



**Commonwealth of Kentucky**
**David L. Nicholson, Jefferson Circuit Clerk**

NOT ORIGINAL
05/20/2024 03:07:16 PM
58310-5

| | |
|---|---|
| **Case #:** 24-CI-001039 | **Envelope #:** 7321050 |
| **Received From:** CAROLINE BERGER | **Account Of:** CAROLINE BERGER |
| **Case Title:** WILLIS, SHELBY VS. AEROTEK, INC | **Confirmation Number:** 176297275 |
| **Filed On** 2/10/2024  7:48:03AM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 3 | Money Collected For Others(Postage) | $15.94 |
| 4 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 5 | Library Fee | $3.00 |
| 6 | Civil Filing Fee | $150.00 |
| 7 | Charges For Services(Copy - Photocopy) | $0.60 |
| 8 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $284.54 |

Generated: 2/12/2024

Page 1 of 1

**UNITED STATES**
**POSTAL SERVICE**

DOCUMENT

PM

NOT ORIGINAL

05/20/2024 03:08:53

58310-5

Date Produced: 02/16/2024

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8348 4448 09. Our records indicate that this item was delivered on 02/15/2024 at 07:32 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT KY 40601

COR : 000001 of 000002

Customer Reference Number:     C4795547.28788340

Filed          24-CI-001039   02/16/2024          David L. Nicholson, Jefferson Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER:  4204060192360901940383484444809

MAILING DATE:        02/12/2024

DELIVERED DATE:   02/15/2024

Custom 1: DriverId-7321050

Custom 2: PartyId-49445146

Custom 3: SummonsNum-@00001058162

Custom 4: CentralMailId-137347

Custom 5: Source County-JEFFERSON Circuit

NOT ORIGINAL

05/20/2024 03:08:53

58310-5

MAIL PIECE DELIVERY INFORMATION:

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT KY 40601

MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 02/12/2024 15:01 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 02/12/2024 16:19 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 02/12/2024 22:01 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 02/12/2024 23:16 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 02/13/2024 13:29 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 02/15/2024 05:15 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 |
| 02/15/2024 06:10 | OUT FOR DELIVERY | FRANKFORT,KY 40601 |
| 02/15/2024 07:32 | DELIVERED INDIVIDUAL PICKED UP AT USPS | FRANKFORT,KY 40601 |

COR : 000002 of 000002

Filed          24-CI-001039    03/27/2024          David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 24-CI-001039                    JEFFERSON CIRCUIT COURT
                                           DIVISION NINE (9)
                                     JUDGE  JESSICA GREEN

SHELBY WILLIS,                                        PLAINTIFF

v.

AEROTEK, INC.                                      DEFENDANT

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>
### *Electronically Filed*

\* \* \* \* \*

Defendant Aerotek, Inc. ("Defendant" or "Aerotek") answers Plaintiff's Complaint and asserts affirmative defenses as follows:

1.      That at all relevant times herein Plaintiff, Shelby Willis, (hereinafter "Shelby" or "Plaintiff') was a citizen and resident of Sellersburg, Indiana.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the contentions in this paragraph, and therefore denies the same.**

2.      That at all times relevant herein Defendant, Aerotek, Inc., (hereinafter "Aerotek") was and is an active Maryland corporation in good standing, licensed to do, and doing, business in Louisville, Kentucky. Defendant operates an office located at 9500 Ormsby Station Road, Suite 300, Louisville, Kentucky 40223 where it employed Plaintiff.

**ANSWER:   Defendant admits the contentions made in Paragraph 2.**

3.      The acts and/or omissions complained of herein occurred in Louisville, Jefferson County, Kentucky. This action arises under Kentucky's Civil Rights Act, KRS 344.010, et seq., jurisdiction is conferred over Defendant pursuant to KRS 344.010, et seq., and jurisdiction exists

Filed          24-CI-001039    03/27/2024          David L. Nicholson, Jefferson Circuit Clerk

Filed          24-CI-001039      03/27/2024          David L. Nicholson, Jefferson Circuit Clerk

in this Court by virtue of the fact that the Plaintiffs damages exceed the minimum jurisdictional threshold of this Court.

**ANSWER:     Defendant admits that Plaintiff purports to bring her claims under Kentucky's Civil Rights Act, KRS 344.010,** *et seq.***, that at least some of the alleged acts and/or omissions purportedly occurred in Louisville, Jefferson County, Kentucky, and that this Court has jurisdiction over the claims.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that the acts and/or omissions complained of herein occurred exclusively in Louisville, Jefferson County, Kentucky because Plaintiff primarily worked in Indiana during her employment with Defendant and Plaintiff's contentions are not sufficiently clear as to when she was allegedly subjected to discrimination, and therefore denies the same.**

4.     That Plaintiff was subjected to discrimination during the course of her employment culminating in her termination; said discrimination was based upon her female sex; there exists respondeat superior liability; and/or Defendant is "intentionally liable" for the conduct of its supervisory management in failing to take appropriate and effective corrective action -- all in violation of KRS 344.010, et seq.

**ANSWER:     Denied.**

5.     That Defendant discharged Plaintiff and discriminated against her with respect to her privilege of employment because of her sex, female and this adverse employment action was motivated by a discriminatory animus towards Plaintiff based on her sex.

**ANSWER:     Denied.**

6.     That on or about February 2021, Plaintiff Shelby was hired by Defendant as a contract sourcer. After approximately three months, Shelby was promoted to a recruiter.

2

Filed          24-CI-001039      03/27/2024          David L. Nicholson, Jefferson Circuit Clerk

37853A1C-BFD0-414F-978B-69B19331DB25 : 000002 of 000007

ANS : 000002 of 000007

**ANSWER:    Defendant admits that it hired Plaintiff as an Internal Contract Sourcer I in February 2021, an External Contract Sourcer in March 2021, an Internal Recruiter Trainee in May 2021, and an Assigned Recruiter in August 2021.  Defendant denies the remaining allegations of this paragraph.**

7.    That on or about September 11, 2023, Shelby sent an email to various Aerotek employees with a list of her doctors' appointments related to her pregnancy with twins.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the contentions in this paragraph, and therefore denies the same.**

8.    The following day, on or about September 12, 2023, Shelby's supervisor, Steven Hensley, had a one-on-one meeting with Shelby during which he told Shelby that if she did not reach $12,000 spread by December 31, 2023, she would be fired.

**ANSWER:    Defendant admits that Steven Hensley, Director of Market Operations and Plaintiff's director at the time, met with Plaintiff on or about September 12, 2023 to discuss her performance, current spread, and expectation that she reach a $12,000 spread by the end of the year to remain on the team.  Defendant denies the remaining contentions made in this paragraph.**

9.    Between September 11, 2023 and October 27, 2023, Shelby continued to work diligently towards Hensley's goal of $12,000 spread and was on track to accomplish this goal by December 31, 2023.

**ANSWER:    Denied.**

10.    That on or about October 24, 2023, Shelby applied for maternity leave.

**ANSWER:    Defendant admits that Plaintiff submitted a FMLA request for leave related to birth of a child on or about October 13, 2023 and that Plaintiff and her physician submitted**

3

37853A1C-BFD0-414F-978B-69B19331DB25 : 000003 of 000007

ANS : 000003 of 000007

Filed        24-CI-001039      03/27/2024          David L. Nicholson, Jefferson Circuit Clerk

**various forms and paperwork relating to her request for parental leave, FMLA leave for birth of a child, and short-term disability between October 16-24, 2023. Defendant denies the remaining allegations of this paragraph.**

11.     That on or about October 27, 2023, only three days after applying for maternity leave, Shelby was terminated.

**ANSWER:    Denied.**

12.     That Defendant discriminated against, and, ultimately, discharged Plaintiff because of her sex, female, within the meaning of KRS 344.030(8) because of or on the basis of her pregnancy, childbirth, and/or related medical conditions.

**ANSWER:    Denied.**

13.     That as a direct and proximate result of Defendant's wrongful and illegal discrimination, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, her actual damages, and her costs of the lawsuit; including a reasonable attorney's fee under KRS 344.450.

**ANSWER:    Denied.  Further answering, Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph that follows Paragraph 13, and denies Plaintiff is entitled to a trial by jury.**

<u>**AFFIRMATIVE DEFENSES**</u>

Further answering, and in defense of Plaintiff's claims, Defendant states as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Actions taken by Defendant with respect to Plaintiff were taken with a good-faith belief that the actions complied with all applicable laws.

4

37853A1C-BFD0-414F-978B-69B19331DB25 : 000004 of 000007

ANS : 000004 of 000007

3.      Plaintiff's claims are not actionable because Defendant's actions with respect to Plaintiff were justified by legitimate, non-discriminatory, non-retaliatory business reasons.

4.      Any injury to Plaintiff, the existence of which Defendant specifically denies, was caused by Plaintiff and/or by third parties over whom Defendant had no control.

5.      Plaintiff's claims are barred by applicable statutes of limitations or other periods of limitation.

6.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

7.      Plaintiff's claims are barred by the equitable doctrines of laches, consent, waiver, and/or estoppel.

8.      Plaintiff's claims are barred, in whole or in part, because of her unclean hands.

9.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy her duty to mitigate her damages.

10.     Plaintiff's claims are barred because, even if an impermissible reason had been a factor in any decision made or action taken by Defendant, which Defendant denies, Defendant would have taken the same actions in the absence of any impermissible reason.

11.     Plaintiff's claims fail to the extent they rely on the alleged violations being knowing, intentional, or willful, because Plaintiff cannot show that Defendant knowingly, intentionally, or willfully engaged in any violations.

12.     Defendant employees and/or customers who allegedly engaged in the discriminatory and/or retaliatory conduct was/were not acting in an agency capacity.

13.     For any damages for which Defendant is found liable, the existence of which Defendant specifically denies, Defendant is entitled to a set-off or credit for any amounts Plaintiff earned or received or could have earned or received through reasonable efforts on her part.

14.     Defendant specifically denies all allegations of Plaintiff's Complaint not specifically admitted herein.

15.     No actions by Defendant were made with evil motive or reckless indifference to the rights of others.

16.     Plaintiff's claims lack any basis in fact and, thereby, subject Plaintiff to an award of attorneys' fees to Defendant.

17.     Plaintiff's claims are barred due to insufficient and untimely service of process.

18.     Plaintiff's recovery is barred in part because she has contractually waived her right to a jury trial.

19.     Defendant is entitled to recover its reasonable attorneys' fees upon prevailing, to the extent that such recovery is allowed under the law.

20.     Defendant expressly reserves the right to add additional affirmative defenses pending further discovery and to rely on after acquired evidence.

WHEREFORE, any or all of these affirmative defenses will act as a complete bar to recovery by Plaintiff from Defendant, and Defendant is therefore entitled to judgment on all counts of the Complaint.

Dated: March 27, 2024

Respectfully Submitted,

*/s/ Kimberly J. O'Donnell*
Kimberly J. O'Donnell (KY Bar # 92637)
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1300
Lexington, KY 40507
Telephone: (859) 288-4696
Email: kim.odonnell@dentons.com

6

Filed          24-CI-001039     03/27/2024          David L. Nicholson, Jefferson Circuit Clerk

And

Hillary L. Klein (p*ro hac vice* application
forthcoming)
KY PHV #PH20534
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  816.983.8000
Facsimile:  816.983.8080
Email:  hillary.klein@huschblackwell.com

***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2024 a true and accurate copy of the foregoing
**Defendant's Answer and Affirmative Defenses** was filed with the Clerk of Court by using the
KYeCourts, and a copy was served via U.S. Mail, postage prepaid, and electronic mail upon the
following:

James M. Bolus, Jr.
Caroline K. Berger
BOLUS LAW OFFICE
600 W. Main Street, Suite 500
Louisville, Kentucky, 40202
(502) 584-1210
(502) 584-1212 -Facsimile
bo@boluslaw.com
caroline@boluslaw.com

_/s/ Kimberly J. O'Donnell_
Counsel for Defendant

7

37853A1C-BFD0-414F-978B-69B19331DB25 : 000007 of 000007

ANS : 000007 of 000007

CIVIL ACTION NO. 24-CI-001039                          JEFFERSON CIRCUIT COURT
                                                                DIVISION NINE (9)
                                                           JUDGE  JESSICA GREEN

SHELBY WILLIS,                                                            PLAINTIFF

v.

AEROTEK, INC.                                                           DEFENDANT

*Electronically Filed*

\* \* \* \* \*

## NOTICE

**PLEASE TAKE NOTICE** that this matter shall come before the Court for its regular telephonic motion hour on April 8, 2024 at 1:30 p.m. or as soon thereafter as counsel may be heard. The parties shall use dial-in information as provided by the clerk. Defendant Aerotek, Inc. ("Defendant") will make the following Motion and tender the Order attached hereto.

## MOTION FOR ADMISSION *PRO HAC VICE*

Pursuant to SCR 3.030(2), Kimberly J. O'Donnell, on behalf of the Defendant, respectfully moves this Court for the admission *pro hac vice* of Hillary L. Klein. Counsel respectfully prays that this Honorable Court grant attorney Hillary L. Klein leave to actively participate in all proceedings in connection with the above-captioned matter on behalf of the Defendant. In support of this Motion, Kimberly J. O'Donnell submits the attached Affidavit as **Exhibit 1**.

WHEREFORE, Kimberly J. O'Donnell, as counsel of record for the Defendant, respectfully prays that this Honorable Court grant the instant Motion for Admission *pro hac vice* of Hillary L. Klein.

A proposed order is tendered herewith.

Dated: April 1st, 2024

Respectfully Submitted,

/s/ Kimberly J. O'Donnell
Kimberly J. O'Donnell (KY Bar # 92637)
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1300
Lexington, KY 40507
Telephone: (859) 288-4696
Email: kim.odonnell@dentons.com

And

Hillary L. Klein (pro hac vice application
forthcoming)
KY PHV #PH20534
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  816.983.8000
Facsimile:  816.983.8080
Email:  hillary.klein@huschblackwell.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

By signing below, I certify that on this April 1st, 2024, I served the foregoing **Notice-Motion-Order** with the Clerk of the Court by using the KYeCourts system, and a copy was served via U.S. Mail, postage prepaid, and electronic mail upon the following:

James M. Bolus, Jr.
Caroline K. Berger
BOLUS LAW OFFICE
600 W. Main Street, Suite 500
Louisville, KY 40202
bo@boluslaw.com
caroline@boluslaw.com

/s/ Kimberly J. O'Donnell
Counsel for Defendant

Filed       24-CI-001039     04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

# EXHIBIT 1

B858807E-5D30-47DB-BD66-B0A3796B1300 : 000003 of 000012

EXH : 000001 of 000008

CIVIL ACTION NO. 24-CI-001039                    JEFFERSON CIRCUIT COURT
                                                              DIVISION NINE (9)
                                                         JUDGE  JESSICA GREEN

SHELBY WILLIS,                                                          PLAINTIFF

v.

AEROTEK, INC.                                                          DEFENDANT

<div align="center">* * * * *</div>

<div align="center">

**AFFIDAVIT OF KIMBERLY J. O'DONNELL**

</div>

In support of this Motion, counsel of record hereby certifies that:

1.     Kimberly J. O'Donnell is local counsel for Defendant Aerotek, Inc. ("Defendant").

2.     Kimberly J. O'Donnell is a member in good standing of the Bar of the Commonwealth of Kentucky.

3.     Kimberly J. O'Donnell is an attorney with the law firm of Dentons Bingham Greenebaum, LLP, and regularly maintains an office for the practice of law in the Commonwealth of Kentucky, located at 300 West Vine Street, Suite 1300, Lexington, Kentucky 40507.

4.     Hillary L. Klein is an attorney with the law firm of Husch Blackwell LLP, 736 Georgia Avenue, Suite 300, Chattanooga, Tennessee.

5.     Hillary L. Klein is a member in good standing of all bars in which she is a member.

6.     Hillary L. Klein consents to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct. (See **Exhibit A**, Affidavit of Hillary L. Klein).

7.     The Kentucky Bar Association Out-Of-State Certification Form is attached as **Exhibit B**.

B858807E-5D30-47DB-BD66-B0A3796B1300 : 000004 of 000012

EXH : 000002 of 000008

Filed        24-CI-001039    04/01/2024        David L. Nicholson, Jefferson Circuit Clerk

FURTHER, Affiant sayeth naught.

Kimberly J. O'Donnell

COMMONWEALTH OF KENTUCKY    )
                                                              )
COUNTY OF Fayette               )

  Subscribed and sworn to before me by Kimberly J. O'Donnell on this this _1_ day of

April, 2024.

Notary Public

My commission expires:

August 20, 2025

JULIA M. RITCHIE
NOTARY PUBLIC, ID NO. KYNP35453
STATE AT LARGE, KENTUCKY
MY COMMISSION EXPIRES AUGUST 20, 2025

B85B807E-5D30-47DB-BD66-B0A3796B1300 : 000005 of 000012

EXH : 000003 of 000008

Filed        24-CI-001039    04/01/2024                    David L. Nicholson, Jefferson Circuit Clerk

# EXHIBIT A

B858807E-5D30-47DB-BD66-B0A3796B1300 : 000006 of 000012

EXH : 000004 of 000008

**COMMONWEALTH OF KENTUCKY, JEFFERSON COUNTY CIRCUIT COURT**

SHELBY WILLIS,

        Plaintiff,

v.                                                     Case No. 24-CI-001039

AEROTEK, INC.

        Defendant.

**\* \* \* \* \***
**<u>AFFIDAVIT OF HILLARY L. KLEIN</u>**

1.      My name is Hillary L. Klein and I make this Affidavit in support of the pending Motion for Admission *Pro Hac Vice*, requesting this Court enter an Order admitting me *pro hac vice* to appear in this action as attorney of record for Defendant, Aerotek, Inc. I seek admission to this Court for the purpose of participating in the above-styled action.

2.      I am an attorney with Husch Blackwell LLP, 736 Georgia Avenue, Suite 300, Chattanooga, Tennessee.

3.      I am currently duly licensed and in good standing to practice law before the following courts: Missouri, Kansas, and Tennessee.

4.      I am not currently, and never have been, suspended or disbarred from any Court, nor has any adverse disciplinary decision been rendered against me by any state bar, bar association, or Court.

5.      I hereby consent to be subject to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct.

B858807E-5D30-47DB-BD66-B0A3796B1300 : 000007 of 000012

EXH : 000005 of 000008

Further Affiant sayeth naught.



_Hillary L. Klein_

STATE OF TENNESSEE          )
                            )
COUNTY OF Davidson          )

Subscribed and sworn to before me by Hillary L. Klein on this _29_ day of March, 2024.

_Elizabeth B. Primm_

Notary Public

My commission expires:

_3 - 9 - 2027_

B858807E-5D30-47DB-BD66-B0A3796B1300 : 000008 of 000012

EXH· : 000006 of 000008

Filed          24-CI-001039     04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

# EXHIBIT B

B858807E-5D30-47DB-BD66-B0A3796B1300 : 000009 of 000012

EXH : 000007 of 000008

 **Kentucky Bar Association**
514 West Main Street
Frankfort, KY 40601 -1812
(502) 564-3795



# Invoice

| Date | Invoice # |
|------|-----------|
| 3/27/2024 | 200107472 |

| Bill To | Recipient Information |
|---------|----------------------|
| Hillary Klein<br>Husch Blackwell LLP<br>4801 Main St, Ste 1000<br>Kansas City, MO 64112<br>United States | Hillary Kleun<br>Husch Blackwell LLP<br>736 Georgia Avenue, Suite 300<br>Chattanooga, TN 37402<br>United States |

| Terms | Due Date |
|-------|----------|
| Due on receipt | 3/27/2024 |

| Date | Qty | Description | Price | Totals |
|------|-----|-------------|-------|--------|
| 3/27/2024 | 1 | Pro Hac Fee (Amount includes a 2.50% Administrative Processing Fee) | $317.75 | $317.75 |
| | | | **Sub-Total** | $317.75 |
| | | | **Total** | $317.75 |

## Payments/Refunds

| Date | Qty | Description | Price | Totals |
|------|-----|-------------|-------|--------|
| 3/27/2024 | 1 | Payment via Credit Card (using card xxxxxxxxxxxx7320)<br>*Applied to invoice on 3/27/2024 3:13:42 PM* | ($317.75) | ($317.75) |
| | | | **Total Payments/Refunds** | ($317.75) |
| | | | **Balance Due** | $0.00 |

**Comments:**
The Kentucky Bar Association certifies that Hillary L. Klein has paid the per-case fee of $310.00 on 3/27/2024 for the Jefferson County Circuit Court Case #24-CI-001039 as required in SCR 3.030(2).
Pro Hac Vice #PH20534

Tendered          24-CI-001039   04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 24-CI-001039                    JEFFERSON CIRCUIT COURT
                                                       DIVISION NINE (9)
                                                  JUDGE  JESSICA GREEN

SHELBY WILLIS,                                                  PLAINTIFF

v.

AEROTEK, INC.                                                  DEFENDANT

### <u>ORDER</u>

Upon consideration of Defendant's Motion for Admission *Pro Hac Vice*, and Plaintiff

Shelby Willis and the Court being sufficiently advised,

IT IS HEREBY ORDERED that Hillary L. Klein should be, and hereby is, granted

permission to appear and participate *pro hac vice* as counsel of record in this action.

Done this _____ day of _____, 2024

_____
Judge

Tendered          24-CI-001039   04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

B858807E-5D30-47DB-BD66-B0A3796B1300 : 000011 of 000012

TD : 000001 of 000002

Tendered          24-CI-001039    04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

TENDERED BY:

*/s/ Kimberly J. O'Donnell*
Kimberly J. O'Donnell (KY Bar # 92637)
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1300
Lexington, KY 40507
Telephone: (859) 288-4696
Email: kim.odonnell@dentons.com

And

Hillary L. Klein (pro hac vice application forthcoming)
KY PHV #PH20534
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  816.983.8000
Facsimile:  816.983.8080
Email:  hillary.klein@huschblackwell.com

**Counsel for Defendant**

B858807E-5D30-47DB-BD66-B0A3796B1300 : 000012 of 000012

TD : 000002 of 000002

CIVIL ACTION NO. 24-CI-001039                      JEFFERSON CIRCUIT COURT
                                                            DIVISION NINE (9)
                                                     JUDGE  JESSICA GREEN

SHELBY WILLIS,                                                      PLAINTIFF

v.

AEROTEK, INC.                                                      DEFENDANT

*Electronically Filed*

* * * * *

## NOTICE

**PLEASE TAKE NOTICE** that this matter shall come before the Court for its regular telephonic motion hour on April 8, 2024 at 1:30 p.m. or as soon thereafter as counsel may be heard. The parties shall use dial-in information as provided by the clerk. Defendant Aerotek, Inc. ("Defendant") will make the following Motion and tender the Order attached hereto.

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Defendant Aerotek, Inc. ("Defendant") moves this Court to strike Plaintiff Shelby Willis' request for jury trial sought in her Complaint because the parties knowingly and voluntarily waived the right to a jury trial, as set forth in the Employment Agreement governing the claims in this case.  In support of this Motion, Defendant states as follows:

1.      Plaintiff Shelby Willis ("Plaintiff"), a former employee of Defendant, has asserted a claim of pregnancy discrimination under the Kentucky's Civil Rights Act, KRS 344.010, *et seq.*

2.      On May 24, 2021, Plaintiff entered into an Employment Agreement with Defendant. A copy of the Employment Agreement is attached hereto as **Exhibit 1**.

3.      Paragraph 12 of the Employment Agreement provides as follows:

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000001 of 000013

STK : 000001 of 000004

**WAIVER OF RIGHT TO JURY TRIAL:** BY EXECUTING THIS AGREEMENT, THE PARTIES HERETO KNOWINGLY AND WILLINGLY WAIVE ANY RIGHT THEY HAVE UNDER APPLICABLE LAW TO A TRIAL BY JURY IN ANY DISPUTE ARISING OUT OF OR IN ANY WAY RELATED TO THIS AGREEMENT, EMPLOYEE'S EMPLOYMENT WITH COMPANY, OR THE ISSUES RAISED BY ANY SUCH DISPUTE.

*See* Ex. 1, ¶ 12.

4.      Plaintiff signed the Employment Agreement on May 13, 2021, acknowledging that she had read the Employment Agreement, had the opportunity to consult with counsel, and entered into it knowingly and voluntarily. *See* Ex. 1, p. 7.

5.      Plaintiff, in her Complaint, seeks "[t]rial by jury on any and all issues so triable." *See* Compl., p. 3.

6.      It is well settled that parties to a contract may waive their right to a jury trial by written or other agreement. *See* CR 39.01 (allowing a party to waive its demand for a jury trial either by written or oral stipulation filed with the court or made in open court and entered in the record *or* upon motion stating that a right of trial by jury of some or all of the issues does not exist under the Constitution or Statutes of Kentucky); *New Oaklawn Invs., LLC v. Stein*, No. 2016–CA–001799–MR, 2017 WL 5187727, at *3-4 (Ky. Ct. App. Nov. 9, 2017) (holding that jury waiver in a written agreement was enforceable where the agreement clearly provided in bold print that both parties were agreeing to waive their rights to trial before a judge or jury if a dispute should arise and the plaintiff had acknowledged she had the opportunity to consult with an attorney); *Vander Boegh v. Bank of Oklahoma, N.A.*, Nos. 2016-CA-001307-MR and 2017-CA-000294-MR, 2019 WL 1495712, at *3-5 (Ky. Ct. App. Apr. 5, 2019) (affirming trial court's granting the plaintiff's motion to strike counterclaimants' jury demand where the defendants/counterclaimants had previously orally agreed to a bench trial).

7.      Under the express and unambiguous terms set forth in the Employment Agreement, Plaintiff knowingly and voluntarily agreed to waive her right to a trial by jury on any dispute arising from or related to her employment, and acknowledged that she had been given the opportunity to consult with counsel. Her present claims, asserting employment discrimination, fall squarely into these class of claims to which Plaintiff waived her right to trial by jury.

8.      Accordingly, the waiver in the Employment Agreement should be enforced as agreed to by the parties, and Plaintiff's jury demand should be stricken.

Dated: April 1, 2024

                                        Respectfully Submitted,


                                        */s/ Kimberly J. O'Donnell*
                                        Kimberly J. O'Donnell (KY Bar # 92637)
                                        DENTONS BINGHAM GREENEBAUM LLP
                                        300 West Vine Street, Suite 1300
                                        Lexington, KY 40507
                                        Telephone: (859) 288-4696
                                        Email: kim.odonnell@dentons.com

                                        And

                                        Hillary L. Klein (p*ro hac vice* application
                                        forthcoming)
                                        KY PHV #PH20534
                                        HUSCH BLACKWELL LLP
                                        736 Georgia Avenue, Suite 300
                                        Chattanooga, TN 37402
                                        Telephone:  816.983.8000
                                        Facsimile:  816.983.8080
                                        Email:  hillary.klein@huschblackwell.com

                                        **Counsel for Defendant**

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000003 of 000013

STK : 000003 of 000004

## CERTIFICATE OF SERVICE

I hereby certify that on April 1st, 2024 a true and accurate copy of the foregoing **Notice – Motion – Order** was filed with the Clerk of Court by using the KYeCourts, and a copy was served via U.S. Mail, postage prepaid, and electronic mail upon the following:

James M. Bolus, Jr.
Caroline K. Berger
BOLUS LAW OFFICE
600 W. Main Street, Suite 500
Louisville, Kentucky, 40202
(502) 584-1210
(502) 584-1212 -Facsimile
bo@boluslaw.com
caroline@boluslaw.com

_/s/ Kimberly J. O'Donnell_____
Counsel for Defendant

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000004 of 000013

STK : 000004 of 000004

Filed          24-CI-001039      04/01/2024          David L. Nicholson, Jefferson Circuit Clerk



**EMPLOYMENT AGREEMENT**

This EMPLOYMENT AGREEMENT (this "Agreement"), made this 24 day of May, 2021, by and between Aerotek, Inc, hereinafter referred to as "COMPANY", and Shelby Stein, hereinafter referred to as "EMPLOYEE."

WHEREAS, COMPANY is engaged in the highly competitive businesses of recruiting, sales, employing, and providing the services of technical, industrial, environmental, commercial, and/or other personnel on a temporary, contract, contract to permanent, or permanent basis to companies and other entities throughout the United States and other countries (hereinafter collectively "COMPANY's Business");

WHEREAS, the parties hereto recognize and acknowledge that COMPANY will provide EMPLOYEE portions of the Confidential Information (as defined in Paragraph 6 hereof) of COMPANY for use in the performance of these services and of this Agreement. EMPLOYEE further acknowledges that the Confidential Information is a valuable property right of COMPANY, and that the same is information and knowledge not generally known in the public domain and that the maintenance of secrecy concerning the Confidential Information is essential to the business affairs, value, effectiveness, good will, competitive advantage, and continuing viable business status of COMPANY;

WHEREAS, the parties hereto recognize, and do hereby acknowledge, that the disclosure to other third-party persons or organizations, misappropriation, collection or retention for future use, whether directly or indirectly, of the Confidential Information will irreparably and substantially cause considerable financial and other loss, detriment and damage to COMPANY;

WHEREAS, EMPLOYEE will: (a) become intimately involved with and knowledgeable of COMPANY's Confidential Information; (b) become personally acquainted with and have regular access to COMPANY's business relationships including but not limited to its customers; and (c) receive COMPANY's unique and specialized training;

WHEREAS, COMPANY wishes to be able to provide EMPLOYEE with access to COMPANY's business relationships including with customers and impart portions of the Confidential Information to EMPLOYEE with the secure knowledge that such Confidential Information will be solely and strictly used for COMPANY's exclusive benefit and not in competition with or to the detriment of COMPANY, directly or indirectly, by EMPLOYEE or any of his/her agents, servants, future employees or consultants, or future employers;

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants and restrictions contained herein, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each of the parties, their respective personal representatives, heirs, successors and assigns, intending to be legally bound hereby agree as follows:

**1.    AGREEMENT OF EMPLOYMENT:** COMPANY hereby employs or agrees to continue to employ the above named EMPLOYEE for the applicable position in Recruiting, Sales or Practice Leadership (in respective positions/titles including but not limited to Recruiter Trainee, Recruiter, Practice Lead, and Account Manager , On Premise Manager, and On Premise Account Executive)with a base annual salary (which includes, where applicable, a geographic differential ) to be paid in weekly installments or on such other periodic basis as shall be determined by COMPANY in accordance with applicable law, plus incentive pay (including, but not limited to, bonuses) as may be determined by COMPANY in its sole and absolute discretion from time to time.

EMPLOYEE agrees to be so employed and may be promoted and compensated accordingly at COMPANY's sole and absolute discretion. In addition, EMPLOYEE agrees that EMPLOYEE's salary may change if EMPLOYEE is relocated (where a higher, lower, or no location adjustment is paid). The scope of EMPLOYEE's employment, including duties, assignments, positions and all responsibilities, shall be as established by COMPANY from time to time. The parties agree that EMPLOYEE shall devote his/her full time, loyalty, attention, and energies to EMPLOYEE's job responsibilities and COMPANY's Business, and during the term of this Agreement shall not enter into or engage in any conflicting business activity.

In turn, COMPANY will provide EMPLOYEE with: (a) Confidential Information belonging to COMPANY and updates thereto; (b) authorization to communicate with customers and prospective customers; (c) authorization to communicate with Contract Employees (as defined in Paragraph 4); and/or (d) authorization to receive or participate in specialized training related to COMPANY's Business. EMPLOYEE's services are of special, unique and extraordinary value to COMPANY, and EMPLOYEE's special position of trust and confidence necessitates the restrictions in this Agreement. EMPLOYEE stipulates that the restrictions in this Agreement (including post-employment restrictions) are reasonable and necessary to preserve COMPANY's legitimate and protectable business interests in, among other things, its trade secrets, Confidential Information, and goodwill with customers and employees, and they do not unduly interfere with EMPLOYEE's ability to earn a livelihood. EMPLOYEE further stipulates that the confidentiality obligations of this Agreement are inadequate to protect trade secrets and Confidential Information standing alone and that the additional restrictions (such as Paragraphs 3 & 4) are necessary because activities of the type restricted therein lead to the use or disclosure of COMPANY's trade secrets and Confidential Information in ways that either cannot be detected or can only be detected after irreparable harm has occurred.

Filed          24-CI-001039      04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000005 of 000013

EXH : 000001 of 000007

Filed          24-CI-001039      04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

As used in this Agreement, "Affiliates" means COMPANY's successors in interest, affiliates (as defined in Rule 12b-2 under Section 12 of the Securities Exchange Act), subsidiaries, parents, purchasers, or assignees.

**2.    TERM OF EMPLOYMENT**: The term of employment shall continue until terminated by either party. EMPLOYEE agrees and expressly understands that the term of employment under this Agreement is "at will," with no certain term of employment being offered or promised and that no guaranteed or definite term of employment is being given or implied by this Agreement. Although EMPLOYEE's employment is "at will," EMPLOYEE agrees to provide COMPANY two (2) weeks' advance notice of EMPLOYEE's decision to terminate employment for the reasonable purpose of facilitating the transition of responsibilities or ongoing matters as COMPANY might require. It is further expressly understood and agreed by EMPLOYEE that COMPANY may terminate EMPLOYEE's employment with COMPANY at any time either with or without cause, in COMPANY's sole and absolute discretion. In the event that COMPANY terminates EMPLOYEE's employment for cause as determined solely by COMPANY, then EMPLOYEE shall not be entitled to any advance notice of said termination. Should EMPLOYEE's employment be terminated by COMPANY without cause, then EMPLOYEE shall be afforded a minimum of twenty-four (24) hours' notice of said termination. Such notice shall be given to EMPLOYEE either orally or in writing, and if in writing shall be effective as of the date delivered, or sent, if by mail, to EMPLOYEE's last known address carried on COMPANY's files. EMPLOYEE agrees to keep COMPANY informed as to EMPLOYEE's current living and mailing address at all times while employed by COMPANY.

The terms of Paragraphs 3 through 16 (including the State Specific Appendix attached hereto) of this Agreement shall survive the termination, for whatever reason, of EMPLOYEE's employment with COMPANY.

**3.    NON-COMPETE COVENANT**: EMPLOYEE agrees that upon the termination of EMPLOYEE's employment, whether by COMPANY or EMPLOYEE and whether with or without cause, for a period of eighteen (18) months thereafter ("Restricted Period" ), EMPLOYEE shall not directly or indirectly engage in or prepare to engage in, or be employed by , any business that is engaging in or preparing to engage in any aspect of COMPANY's Business for which EMPLOYEE performed services or about which EMPLOYEE obtained Confidential Information during the two (2) year period preceding termination of EMPLOYEE's employment ("Look Back Period"), within a radius of fifty (50) miles from the office in which EMPLOYEE worked at the time EMPLOYEE's employment terminated or any other office in which EMPLOYEE worked during the Look Back Period ("Restricted Area").

The prohibitions contained in this Paragraph shall extend to (i) activities undertaken by EMPLOYEE directly on EMPLOYEE's own behalf, and (ii) activities undertaken by EMPLOYEE indirectly through any individual, or entity which undertakes such prohibited activities with EMPLOYEE's assistance and in or with respect to which EMPLOYEE is an owner, officer, director, trustee, shareholder, creditor, employee, agent, partner or consultant or participates in some other capacity.

**4.    NON-SOLICITATION COVENANT:** EMPLOYEE agrees that upon the termination of EMPLOYEE's employment, whether by COMPANY or EMPLOYEE and whether with or without cause, for the Restricted Period EMPLOYEE shall not directly or indirectly :

(a) Communicate with any individual or entity which is a Covered Customer for the purpose of:

(i) entering into any business relationship with such Covered Customer if the business relationship is competitive with any aspect of COMPANY's Business (or any COMPANY affiliate which employed EMPLOYEE during the Look Back Period) for which EMPLOYEE performed services or about which EMPLOYEE obtained Confidential Information during the Look Back Period, or
(ii) reducing or eliminating the business such customer conducts with COMPANY (or any COMPANY affiliate which employed EMPLOYEE during the Look Back Period); or

(b) Communicate with any person who has been a Regular Employee within the Look Back Period and about whom EMPLOYEE obtained knowledge or had contact by reason of EMPLOYEE's employment with COMPANY (or any COMPANY affiliate which employed EMPLOYEE during the Look Back Period) for the purpose of:

(i) providing services to any individual or entity whose business is competitive with COMPANY, or
(ii) leaving the employ of COMPANY; or

(c) Communicate with any person who has been a Contract Employee within the Look Back Period and about whom EMPLOYEE obtained knowledge or had contact by reason of EMPLOYEE's employment with COMPANY (or any COMPANY affiliate which employed EMPLOYEE during the Look Back Period) for the purpose of:

(i) ceasing work for COMPANY at customers of COMPANY , or
(ii) refraining from beginning work for COMPANY at customers of COMPANY, or
(iii) providing services to any individual or entity whose business is competitive with COMPANY.

As used in this Paragraph 4: "Regular Employee" means an employee of COMPANY who is not a "Contract Employee"; and  " Contract Employee" means an employee or candidate for employment of COMPANY who is or was employed to perform services or solicited by EMPLOYEE to perform services at or for customers of COMPANY; and "Covered Customer" means an COMPANY customer (person or entity) that EMPLOYEE had business-related contact with or obtained Confidential Information about during the Look Back Period, and, where enforceable under applicable law, a Covered Customer shall also include  those persons or entities with whom COMPANY had a reasonable expectation of doing business based on pending requests for proposal, open bids or similar communications in form and substance in which EMPLOYEE was involved occurring during the Look Back Period.

Filed          24-CI-001039      04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

Filed                 24-CI-001039    04/01/2024             David L. Nicholson, Jefferson Circuit Clerk

The prohibitions contained in (a), (b) and (c) above shall extend to (i) activities undertaken by EMPLOYEE directly on EMPLOYEE's own behalf, and to (ii) activities undertaken by EMPLOYEE indirectly through any individual or entity which undertakes such prohibited activities with EMPLOYEE's assistance and in or with respect to which EMPLOYEE is an owner, officer, director, trustee, shareholder, creditor, employee, agent, partner or consultant or participates in some other capacity.

Where required by applicable law, the restrictions in Paragraph 4 shall be limited to the Restricted Area.

**5.    INDEMNIFICATION AND HOLD HARMLESS:** EMPLOYEE represents and warrants that EMPLOYEE's employment with COMPANY will not violate the terms and conditions of any agreements entered into by EMPLOYEE prior to or during EMPLOYEE 's employment with COMPANY (including but not limited to agreements with prior employers). EMPLOYEE covenants and agrees to indemnify and hold COMPANY harmless (including but not limited to payment of COMPANY's attorneys' fees and costs) from any and all suits or claims arising out of any breach of any terms and conditions contained in any such agreements entered into by EMPLOYEE.

**6.    COVENANT NOT TO DIVULGE CONFIDENTIAL INFORMATION:** EMPLOYEE covenants and agrees that, except as required by the proper performance of EMPLOYEE's duties for COMPANY, EMPLOYEE shall not use, disclose or divulge any Confidential Information of COMPANY (or any COMPANY affiliate which employed EMPLOYEE during the Look Back Period) to any other person or entity besides COMPANY. For purposes of this Agreement, "Confidential Information" shall mean information not generally known by the competitors of COMPANY or the general public concerning COMPANY's Business that COMPANY takes reasonable measures to keep secret, including but not limited to: financial information and financial controls; sales and marketing strategies; acquisition plans; pricing and costs; customers' names, addresses, e-mail addresses, telephone numbers, and contact persons; customers' staffing requirements; margin tolerances regarding pricing; the names, e-mail addresses, addresses, telephones numbers, skill sets, availability and wage rates of Contract Employees; sales, recruiting, pricing and marketing techniques; sales and recruiting manuals; forms and processes for acquiring and recording information; management analysis of salaries based on market competitiveness, employee compensation, and performance evaluations of Regular Employees; and management practices, procedures and processes. These restrictions on use or disclosure of Confidential Information will only apply for two (2) years after the end of EMPLOYEE's employment where information that does not qualify as a trade secret is concerned. The restrictions will apply to trade secret information for as long as the information remains qualified as a trade secret.

With the exception of management analyses of personnel information acquired as part of EMPLOYEE's job duties for COMPANY, if EMPLOYEE is a non-management employee then Confidential Information will not include otherwise lawfully acquired information about salary, wages, hours or other terms and conditions of employment for non-management employees that is or can be used by non-management employees for purposes protected by §7 of the National Labor Relations Act such as joining or forming a union, engaging in collective bargaining, or engaging in other concerted activity for their mutual aid or protection. If EMPLOYEE receives a subpoena, court order, or similar directive that compels disclosure of Confidential Information, EMPLOYEE will provide COMPANY's legal department as much advance notice as possible under the circumstances so that it may take steps to protect its Confidential Information unless such notice is prohibited by law. If EMPLOYEE learns during EMPLOYEE's employment of any unauthorized use or disclosure of COMPANY's Confidential Information, EMPLOYEE will immediately notify the human resources department or EMPLOYEE's immediate supervisor. To the extent EMPLOYEE retains any rights of ownership and/or control in Confidential Information, EMPLOYEE does hereby assign all such rights to COMPANY to the fullest extent allowed by law. This paragraph is subject to Paragraph 16 below.

**7.    RETURN AND PRESERVATION OF RECORDS:** EMPLOYEE agrees, upon termination of EMPLOYEE's employment with COMPANY for any reason whatsoever or sooner if requested, to return to COMPANY all records and other property (whether on paper, computer discs or in any other form and including, but not limited to, Confidential Information), and copies thereof, belonging or pertaining to COMPANY (collectively "Company Records"), subject to Paragraph 16. EMPLOYEE further agrees not to engage in any unauthorized destruction or deletion of Company Records during employment or upon termination of employment, including, without limitation, the deletion of electronic files, data, records or e-mails. EMPLOYEE agrees that all compilations of information possessed or acquired by COMPANY, or created or maintained by EMPLOYEE in the course of employment for COMPANY, such as business-related contact lists, prospect lists, and forms shall be the property of COMPANY and shall be treated as Company Records irrespective of whether they qualify as Confidential Information or not. EMPLOYEE acknowledges that EMPLOYEE's authorization to access COMPANY computer systems is limited and that access or use of such systems to compete or to prepare to compete is unauthorized and strictly prohibited. EMPLOYEE will take such steps requested by COMPANY to inspect and confirm that Company Records have been removed or deleted from all storage places, equipment, devices or accounts in EMPLOYEE's control. Notwithstanding the foregoing, nothing herein prohibits EMPLOYEE  from retaining copies of wage and benefit statements and related records and information provided by COMPANY to EMPLOYEE regarding EMPLOYEE's compensation and benefits (including but not limited to insurance claims), information lawfully made publicly available by COMPANY, and documents required for EMPLOYEE's compliance with state and federal income tax and similar reporting requirements.

**8.    REMEDIES; DAMAGES:** (a) EMPLOYEE recognizes that irreparable damage will result to COMPANY in the event of the violation of any covenant contained in Paragraphs 3, 4, 6 and 7 hereof made by EMPLOYEE, and agrees that in the event of such violation, COMPANY shall be entitled to, and EMPLOYEE agrees to the entry of, an injunction (temporary restraining order, preliminary and permanent) or other equitable relief in any court of competent jurisdiction, enjoining any such violations by EMPLOYEE. In furtherance of the foregoing, EMPLOYEE hereby waives any and all defenses EMPLOYEE may have on the ground of the lack of jurisdiction or competence of the court to grant such an injunction or other equitable relief.

AG Onboarding - 00028633482875019 - Generated: 07/10/2021 1:00 AM

Filed          24-CI-001039     04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

(b)      EMPLOYEE further recognizes and acknowledges that it would be difficult to ascertain any damages incurred (if not prevented by an injunction) arising from a violation by EMPLOYEE of the covenants contained in Paragraphs 3, 4, 6 and 7 hereof. EMPLOYEE agrees that as damages, and not as a penalty, arising as a consequence of a violation of the covenants contained in Paragraphs 3, 4(a), 4(c), 6 and 7 EMPLOYEE shall pay to COMPANY an amount equal to one hundred percent (100%) of the gross profit, or twenty-five percent (25%) of the gross sales, whatever amount is greater, resulting from business generated by EMPLOYEE, either directly or indirectly, on EMPLOYEE's own account or as agent, owner, officer, director, trustee, creator, partner, consultant, stockholder, employer, employee, or otherwise for or in conjunction with any other person or entity, through soliciting or otherwise competing for COMPANY's Business, customers, personnel or using or disclosing Confidential Information in violation of Paragraphs 3, 4(a), 4(c), 6 or 7 hereof. In the event that EMPLOYEE violates Paragraph 4(b), then EMPLOYEE shall pay to COMPANY a sum equal to 15% of the total annual compensation that COMPANY paid to each Regular Employee. This amount of liquidated damages based on total annual compensation is a good-faith attempt to estimate the actual damages that will result from violation of Paragraph 4(b) based on the costs to COMPANY of recruiting, training, and loss of productivity through the loss of a Regular Employee who is improperly solicited away.

(c)      If EMPLOYEE violates one of the post-employment restrictions in this Agreement that contains a time limitation, the time period for the restriction at issue shall be extended by one day for each day EMPLOYEE remains in violation of the restriction; provided, however, that this extension of time shall be capped so that once EMPLOYEE has complied with the restriction for the originally proscribed length of time, it shall expire.

(d)      The foregoing shall not preclude any other rights or remedies at law or in equity that COMPANY may have.

**9.    WAIVER OF BREACH:** The waiver by COMPANY of a breach of any provision of this Agreement by the EMPLOYEE shall not operate or be construed as a waiver of any subsequent breach by the EMPLOYEE. No waiver of any rights under this Agreement will be effective as to COMPANY unless made in writing and signed by an authorized officer of COMPANY.

**10.   SITUS OF AGREEMENT; JURISDICTION**: This Agreement is being entered into in the State of Maryland and thus shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Maryland, without giving effect to the principles of conflicts of laws thereof. Each of the parties hereto hereby irrevocably consents and submits to the exclusive jurisdiction of the Circuit Court for Anne Arundel County, Maryland, or any Federal court sitting in the State of Maryland, for the purposes of any controversy, claim, dispute or action arising out of or related to this Agreement, and hereby waives any defense of any inconvenient forum and any right of jurisdiction on account of EMPLOYEE's place of residence or domicile.

**11.   SEVERABILITY:** If any term, provision, covenant or condition of this Agreement, or the application thereof to any circumstance or party hereto, shall, to any extent, be invalid or unenforceable in any jurisdiction, the remainder of this Agreement, or application of such term, provision, covenant or condition to such circumstance or party, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each remaining term, provision, covenant or condition of this Agreement shall be valid and enforceable to the fullest extent permitted by applicable law. Any such invalidation or unenforceability in any jurisdiction shall not render unenforceable such provision in any other jurisdiction. Without limiting the generality of the foregoing, if a court of competent jurisdiction should determine that any of the restrictions contained in Paragraphs 3, 4 or 6 hereof are unreasonable in terms of scope, duration, geographic area or otherwise, such provision shall be deemed reformed to the minimum extent necessary such that such restriction shall be rendered enforceable.

**12.   WAIVER OF RIGHT TO JURY TRIAL:** BY EXECUTING THIS AGREEMENT, THE PARTIES HERETO KNOWINGLY AND WILLINGLY WAIVE ANY RIGHT THEY HAVE UNDER APPLICABLE LAW TO A TRIAL BY JURY IN ANY DISPUTE ARISING OUT OF OR IN ANY WAY RELATED TO THIS AGREEMENT, EMPLOYEE'S EMPLOYMENT WITH COMPANY, OR THE ISSUES RAISED BY ANY SUCH DISPUTE.

**13.   EARLY RESOLUTION CONFERENCE/NOTICE TO EMPLOYER:** EMPLOYEE will give COMPANY written notice at least fourteen (14) days prior to (a) violating any provision of Paragraphs 3, 4, 6 or 7; and/or (b) challenging the enforceability of Paragraphs 3, 4, 6 and/or 7 (including subparts), and will participate in a mediation or in-person conference if requested to do so by COMPANY within thirty (30) days of such a request in order to help avoid unnecessary legal disputes. Should EMPLOYEE fail to comply with this Paragraph's notice or mediation/in-person conference requirement, EMPLOYEE acknowledges and agrees that such failure will serve as a waiver of EMPLOYEE's right to challenge the enforceability of Paragraphs 3, 4, 6, and 7 to the extent permissible under applicable law. EMPLOYEE agrees that during employment and for a period of two (2) years thereafter, EMPLOYEE will provide any employer that offers him/her a position a copy of this Agreement before accepting the position offered. The parties agree that they will both have the right to express an opinion on the meaning and/or enforceability of this Agreement to EMPLOYEE's new or prospective employers. EMPLOYEE agrees not to use any such communication by COMPANY as the basis for a claim of tortious interference or other legal action against COMPANY. Any claim EMPLOYEE may have against COMPANY shall not prevent or limit the application of any restrictive covenant in this Agreement.

**14.   ATTORNEYS' FEES:** Should COMPANY sue to enforce this Agreement or to seek damages or injunctive relief for EMPLOYEE'S breach of this Agreement, and COMPANY is the prevailing party in such suit, COMPANY shall be entitled to recover its attorneys' fees and costs incurred in connection with such suit. COMPANY shall be considered the prevailing party if it is granted any legal or equitable relief, without regard to whether some of the relief requested by it is denied or whether the Court needed to reform portions of the Agreement to enforce it.

**15.   ENTIRE AGREEMENT/ASSIGNMENT:** This Agreement represents the entire agreement between the parties with respect to the subject matter covered by this Agreement. This Agreement supersedes any and all prior agreements or understandings, oral

AG Onboarding - 00028633482875019 - Generated: 07/10/2021 1:00 AM

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000008 of 000013

EXH : 000004 of 000007

Filed                24-CI-001039   04/01/2024        David L. Nicholson, Jefferson Circuit Clerk

or written, between the parties hereto pertaining to the subject matter covered by this Agreement, and may not be changed orally. EMPLOYEE agrees that COMPANY may assign this Agreement to any transferee of all or substantially all of the assets of COMPANY, and hereby consents to any such assignment, which shall not, in and of itself, constitute a termination of the EMPLOYEE's employment hereunder. EMPLOYEE agrees that this Agreement may be enforced by COMPANY's assignees without need of any further authorization or agreement from EMPLOYEE. The parties hereto understand that this Agreement shall remain in effect notwithstanding any job change, change in responsibilities, or job assignment by EMPLOYEE within or between COMPANY or its Affiliates. COMPANY and its parent, subsidiaries, Affiliates, and divisions that EMPLOYEE provides services to or is provided Confidential Information about are all intended beneficiaries of this Agreement, including TEKsystems, Aston Carter , Allegis Global Solutions, and EASi, and shall be treated the same as COMPANY for purposes of all of the protections provided for in this Agreement. EMPLOYEE's obligations under this Agreement are personal in nature and thus cannot be assigned or disavowed by EMPLOYEE without COMPANY's written consent.

**16.  AGREEMENT LIMITATIONS:**  The purpose of this Agreement is to protect COMPANY from harm through misappropriation of its trade secrets, proprietary information and materials, and other forms of unfair competition. Nothing in this Agreement prohibits EMPLOYEE from communicating information (Confidential Information or otherwise) about or reporting an event that EMPLOYEE reasonably and in good faith believes is a violation of law to the relevant law-enforcement agency (such  as the Equal Employment Opportunity Commission), requires notice to or approval by COMPANY before doing so, or prohibits EMPLOYEE from cooperating or participating in an investigation or legal proceeding conducted by such a governmental agency, provided, however, that this shall not be construed to permit illegal conduct such as unauthorized access to COMPANY's computer systems or theft of COMPANY property. EMPLOYEE acknowledges notice that under the 2016 Defend Trade Secrets Act (DTSA): (a) no individual will be held criminally or civilly liable under Federal or State trade secret law for the disclosure of a trade secret (as defined in the Economic Espionage Act) that: (i) is made in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and made solely for the purpose of reporting or investigating a suspected violation of law; or, (ii) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal so that it is not made public; and, (b) an individual who pursues a lawsuit for retaliation by an employer for reporting a suspected violation of the law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual files any document contain the trade secret under seal, and does not disclose the trade secret, except as permitted by court order.

Nothing in this Agreement shall prohibit EMPLOYEE or other employees from exercising the rights protected by the National Labor Relations Act (NLRA). Under the NLRA, employees who are not in a supervisor or management role have a right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and to refrain from any or all of such activities. The foregoing exceptions shall not, however, be deemed to authorize or limit liability for an act by EMPLOYEE that would otherwise be illegal absent this Agreement such as unlawful access of material by unauthorized means, or theft of COMPANY property.

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000009 of 000013

EXH : 000005 of 000007

AG Onboarding - 0002863348287501.9 - Generated: 07/10/2021 1:00 AM

Filed     24-CI-001039     04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

## **APPENDIX OF STATE-SPECIFIC MODIFICATIONS**

**California:**
While EMPLOYEE is a resident of California and California law controls: (a) the restrictions in Paragraph 4(a) will be limited so that they only apply where EMPLOYEE is aided by the use or disclosure of trade secrets; (b) the restrictions in Paragraph 3, 4(b)(i), and 4(c)(iii) will not apply; and (c) provisions in Paragraph 10 will not apply; and the jury trial waiver contained in Paragraph 12 will not apply.

**Colorado:**
While EMPLOYEE is a resident of Colorado and Colorado law controls, if EMPLOYEE is not an executive, member of management, officer, or an employee who constitutes professional staff to executive and management personnel, then Paragraph 3  shall be modified as follows:

EMPLOYEE agrees that upon the termination of EMPLOYEE's employment, whether by COMPANY or EMPLOYEE and whether with or without cause, for a period of eighteen (18) months thereafter, EMPLOYEE shall not directly or indirectly engage in or prepare to engage in, or be employed by, if such activity would involve the use or disclosure of COMPANY's trade secrets, any business that is engaging in or preparing to engage in any aspect of COMPANY's Business for which EMPLOYEE performed services or about which EMPLOYEE obtained trade secrets during the Look Back Period, within the Restricted Period during Look Back Period.

For purposes of Paragraph 4(a), the non-solicitation obligation is to protect COMPANY from misuse of trade secrets relating to COMPANY's Covered Customers that EMPLOYEE received access to, and the definition of Covered Customer shall be modified to only include those that EMPLOYEE had obtained trade secrets about during Look Back Period.

**Illinois:**
While EMPLOYEE is a resident of Illinois and is paid $13.00 per hour or less, the restrictions in Paragraph 3 will not apply.

**Georgia:**
While EMPLOYEE is a resident of Georgia and Georgia law controls the jury trial waiver contained in Paragraph 12 will not apply.

**Louisiana:**
While EMPLOYEE is a resident of Louisiana and Louisiana law controls, the enforcement of the restrictions in Paragraphs 3 and 4(a) will be limited within the state of Louisiana to the following Parishes where EMPLOYEE has helped or will help COMPANY do business, or the portions of these Parishes that are covered by the Restricted Area definition, whichever is fewer; provided, however, that nothing in Agreement may be construed to prohibit the enforcement of Paragraphs 3 and 4(a) in accordance with their terms in states outside of Louisiana (circle all that apply):

| | | | |
|---|---|---|---|
| Acadia | Allen | Ascension | Assumption |
| Avoyelles | Beauregard | Bienville | Bossier |
| Caddo | Calcasieu | Caldwell | Cameron |
| Catahoula | Claiborne | Concordia | De Soto |
| East Baton Rouge | East Carroll | East Feliciana | Evangeline |
| Franklin | Grant | Iberia | Iberville |
| Jackson | Jefferson | Jefferson Davis | Lafayette |
| Lafourche | La Salle | Lincoln | Livingston |
| Madison | Morehouse | Natchitoches | Orleans |
| Ouachita | Plaquemines | Pointe Coupee | Rapides |
| Red River | Richland | Sabine | St. Bernard |
| St. Charles | St. Helena | St. James | St. John the Baptist |
| St. Landry | St. Martin | St. Mary | St. Tammany |
| Tangipahoa | Tensas | Terrebonne | Union |
| Vermilion | Vernon | Washington | Webster |
| West Baton Rouge | West Carroll | West Feliciana | Winn |

**Massachusetts:**
While EMPLOYEE is a resident of Massachusetts and Massachusetts law controls, Paragraph 3 shall not apply, and COMPANY shall not be bound by the Massachusetts Noncompetition Agreement Act.

**Nebraska:**
While EMPLOYEE is a resident of Nebraska and Nebraska law controls, Paragraphs 3, 4(b)(i) and 4(c)(iii) shall not apply, and the enforcement of the restrictions in Paragraph 4(a) will be limited to customers and clients with whom EMPLOYEE did business and had personal contact.

Filed     24-CI-001039     04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000010 of 000013

EXH : 000006 of 000007

**Nevada:**

While EMPLOYEE resides in Nevada and Nevada law controls, then the Restricted Period shall be six (6) months if EMPLOYEE has been employed with COMPANY for less than twelve (12) months, and twelve (12) months if EMPLOYEE has been employed with COMPANY for twelve (12) months or more. The restrictions in Paragraph 4(a) regarding business conducted with a Covered Customer shall be modified to provide that nothing in the restriction will prohibit EMPLOYEE from providing service to a former Covered Customer that EMPLOYEE did not solicit if the Covered Customer voluntarily chooses to seek services from EMPLOYEE without any contact instigated by EMPLOYEE.

**New York:**

While EMPLOYEE resides in New York and New York law controls, Paragraph 4(a) shall be deemed modified so that the definition of "Covered Customer" excludes those customers who became customers of COMPANY only as result of EMPLOYEE's independent contact and business development efforts with them prior to and independent from EMPLOYEE's position with COMPANY.

**North Carolina:**

While EMPLOYEE is a resident of North Carolina and North Carolina law controls, the definition of "Look Back Period" as set forth in Paragraph 3 is modified to mean the period EMPLOYEE was employed by COMPANY looking back one (1) year from the date of termination, or if not enforceable, then such lesser period as a court deems enforceable, and the jury trial waiver contained in Paragraph 12 will not apply.

**North Dakota:**

While EMPLOYEE resides in North Dakota and North Dakota law controls, Paragraphs 3, 4(b)(i), and 4(c)(iii) shall not apply, Paragraph 4(a) shall only be applicable to the extent that EMPLOYEE's conduct involves the unauthorized use or disclosure of COMPANY's trade secrets.

**Oklahoma:**

While EMPLOYEE resides in Oklahoma and Oklahoma law controls, Paragraph 3 shall not apply, and Paragraph 4(a) shall be modified to provide that EMPLOYEE may not directly solicit the sale of goods, services, or a combination of goods and services, that compete with those of COMPANY from the established customers of COMPANY.

**Utah:**

While EMPLOYEE is a resident of Utah and Utah law controls, Paragraph 3 is modified to reduce the Restricted Period to 12 months.

**Wisconsin:**

While EMPLOYEE resides in Wisconsin and Wisconsin law controls, Paragraph 4(b) shall apply to an employee of COMPANY that EMPLOYEE worked with or was provided Confidential Information about during the Look Back Period, if the COMPANY employee is in a management, supervisory, sales, research and development, or similar role where he or she is provided Confidential Information or is involved in business dealings with COMPANY's customers; and the last sentence of Paragraph 8 regarding tolling shall not apply.

EMPLOYEE ACKNOWLEDGES THAT HE/SHE HAS READ THIS AGREEMENT, HAS HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, AND ENTERS INTO IT KNOWINGLY AND VOLUNTARILY. If you are submitting this form electronically, click the acknowledgement below. This is your electronic signature. By electronically signing this form, you agree to all the terms, conditions, and policies contained in the documents listed above and agree to be bound thereby as though you had signed this acknowledgement in writing.

**Name:**   Shelby Stein

**Signed:**   Shelby Stein (Electronic Signature)          **Date:**   05/13/2021

 *Electronically Signed on* **13-May-2021, 10:14 AM EST**
*by* **Shelby Stein**

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000011 of 000013

EXH : 000007 of 000007

CIVIL ACTION NO. 24-CI-001039

JEFFERSON CIRCUIT COURT
DIVISION NINE (9)
JUDGE JESSICA GREEN

SHELBY WILLIS, PLAINTIFF

v.

AEROTEK, INC. DEFENDANT

**ORDER**

Upon consideration of Defendant's Motion to Strike Plaintiff's Jury Demand, and Plaintiff Shelby Willis and the Court being sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Strike Plaintiff's Jury Demand is granted, and Plaintiff's demand for a jury trial is hereby waived and stricken by the Court.

Done this ____ day of __________, 2024

_________________________________
Judge

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000012 of 000013

TD : 000001 of 000002

Tendered          24-CI-001039    04/01/2024          David L. Nicholson, Jefferson Circuit Clerk

TENDERED BY:

*/s/ Kimberly J. O'Donnell*
Kimberly J. O'Donnell (KY Bar # 92637)
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1300
Lexington, KY 40507
Telephone: (859) 288-4696
Email: kim.odonnell@dentons.com

And

Hillary L. Klein (pro hac vice application forthcoming)
KY PHV #PH20534
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  816.983.8000
Facsimile:  816.983.8080
Email:  hillary.klein@huschblackwell.com

***Counsel for Defendant***

22C66670-E674-49EA-9B7E-55B96135D0D1 : 000013 of 000013

TD : 000002 of 000002

Entered          24-CI-001039    04/10/2024          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
05/20/2024 03:13:41
PM

CIVIL ACTION NO. 24-CI-001039                    JEFFERSON CIRCUIT COURT
                                                          DIVISION   XXXXXXX
                                                   JUDGE   XXXXXXXXXX

58310-5

SHELBY WILLIS,                                                    PLAINTIFF

v.

AEROTEK, INC.                                                    DEFENDANT

## **ORDER**

Upon consideration of Defendant's Motion for Admission *Pro Hac Vice*, and Plaintiff

Shelby Willis and the Court being sufficiently advised,

IT IS HEREBY ORDERED that Hillary L. Klein should be, and hereby is, granted

permission to appear and participate *pro hac vice* as counsel of record in this action.

Done this _____ day of _____, 2024



/s/ HON. JENNIFER BRYANT WILCOX
Electronically signed
4/8/2024 3:48:40 PM ET
_____
                Judge

OAPHV : 000001 of 000002

Entered          24-CI-001039   04/10/2024          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL

DOCUMENT

05/20/2024 03:13:41

PM

58310-5

TENDERED BY:

*/s/ Kimberly J. O'Donnell*
Kimberly J. O'Donnell (KY Bar # 92637)
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1300
Lexington, KY 40507
Telephone: (859) 288-4696
Email: kim.odonnell@dentons.com

And

Hillary L. Klein (pro hac vice application forthcoming)
KY PHV #PH20534
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  816.983.8000
Facsimile:  816.983.8080
Email:  hillary.klein@huschblackwell.com

***Counsel for Defendant***

OAPHV : 000002 of 000002

CIVIL ACTION NO. 24-CI-001039                    JEFFERSON CIRCUIT COURT
                                                        DIVISION NINE (9)
                                                      JUDGE JESSICA GREEN

SHELBY WILLIS                                                    PLAINTIFF

v.

AEROTEK, INC.                                                   DEFENDANT

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST SET OF REQUESTS FOR ADMISSION
### *"Electronically Filed"*

Comes the Plaintiff, Shelby Willis, by and through counsel and for her Responses to the Defendant Aerotek, Inc's First Set of Requests for Admission, states as follows:

**REQUEST NO. 1:**    Admit that your damages resulting from any conduct you allege Defendant committed in this lawsuit are not more than $75,000 in total, inclusive of attorneys' fees and exclusive of interest and costs.

**RESPONSE: Deny.**

**REQUEST NO. 2:**    Admit that even if a jury or judge awarded you more than $75,000 in a trial of this lawsuit, you would not accept anything more than $75,000 in total, inclusive of attorneys' fees and exclusive of interest and costs.

**RESPONSE: Deny.**

**REQUEST NO. 3:**    Admit that even if a jury or judge awarded you more than $75,000 in a trial of this lawsuit, you would not be entitled to anything more than $75,000 in total, inclusive of attorneys' fees and exclusive of interest and costs.

**RESPONSE: Deny.**

643C0EE1-03CD-4808-BA2C-65F6685CC1DF : 000001 of 000002

ARAD : 000001 of 000002

Respectfully submitted,

James M. Bolus, Jr.
Caroline K. Berger
BOLUS LAW OFFICES
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
bo@boluslaw.com
caroline@boluslaw.com

By: /s/ Caroline K. Berger
      *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served to the following via the Court's electronic filing system and email on this the 22nd day of April, 2024:

Kimberly J. O'Donnell
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1300
Lexington, KY 40507
kim.odonnell@dentons.com
*Co- Counsel for Defendant*

Hillary L. Klein
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
hillary.klein@huschblackwell.com
*Co- Counsel for Defendant*

/s/ Caroline K. Berger

2

643C0EE1-03CD-4808-BA2C-65F66685CC1DF : 000002 of 000002

ARAD : 000002 of 000002

AOC-280          Doc. Code: NS
Rev. 5-22
Page 1 of 2

Commonwealth of Kentucky
Court of Justice    *www.kycourts.gov*

SCR 1.050(8)



**NOTICE OF SUBMISSION OF CIVIL
MATTER FOR FINAL ADJUDICATION**

Case No. 24-CI-001039
Court  Circuit Court
County  Jefferson
Division  8

**\* File original with Clerk, copies to Judge and all parties**

SHELBY WILLIS                                              PLAINTIFF

VS.

AEROTEK, INC.                                              DEFENDANT

Pursuant to SCR 1.050(8), this is to give notice that the above-styled civil matter was submitted to Judge
Jennifer Bryant Wilcox          on April 8           , 2 024     . Explain nature of case and type of submission:
Requesting this Court enter Defendant's Motion to Strike Jury Demand based on Plaintiff agreeing by contract to waive
her right to a jury trial                                                                                      .

I certify a true copy of this Notice of Submission was mailed on  April 29                , 2 024     , to the following:

1.  **Judge's Name:** Jennifer Bryant Wilcox
    **Address:** 700 W. Jefferson Street
                Louisville, KY 40202
2.  **Petitioner/Attorney of Record:** James M. Bolus, Jr. & Caroline K. Berger, Bolus Law Office, Attorneys for Plaintiff
    **Address:** 600 W. Main Street, Suite 500
                Louisville, KY 40202 ; bo@boluslaw.com; caroline@boluslaw.com
3.  **Respondent/Attorney of Record:** _____
    **Address:** _____
                _____
4.  **Other Party/Attorney of Record:** _____
    **Address:** _____
                _____

*\*If more space is needed to indicate copies sent, attach list.*

---

Name (*type/print*)  Kimberly J. O'Donnell, Dentons Bingham Greenebaum LLP

Address:  300 West Vine Street, Suite 1300
          Lexington, KY 40507

Phone No. ( 859  ) 288-4696                                 (w/permission
                                                              LHW)
Email: kim.odonnell@dentons.com        Signature: *Kimberly J. O'donnell*

---

Clerk to complete if applicable: Motion for Submission    ☐ Withdrawn    ☐ Overruled    ☐ Issue Decided

Date: April 29                      , 2 024     By: _____

Distribution: Clerk to email copy to the Administrative Office of the Courts at 280support@kycourts.net

7406AD6B-2CC0-4B89-BA81-CD2D479AA26F : 000001 of 000004

NS : 000001 of 000002

Filed       24-CI-001039    04/29/2024        David L. Nicholson, Jefferson Circuit Clerk

AOC-280
Rev. 5-22
Page 2 of 2

To be completed by Judge if above-styled civil matter will be under submission over 90 days. Please submit to: Chief Justice, Supreme Court of Kentucky, 700 Capitol Avenue, Room 231, Frankfort, KY 40601.

This civil matter will be under submission more than 90 days. I certify the reason(s) for delay in adjudication is/are:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Date: _____, 2_____.        _____Judge

Filed   24-CI-001039   04/29/2024   David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 24-CI-001039         JEFFERSON CIRCUIT COURT
                                          DIVISION EIGHT (8)
                          JUDGE JENNIFER BRYANT WILCOX

SHELBY WILLIS,                                      PLAINTIFF

v.

AEROTEK, INC.                                      DEFENDANT

*Electronically Filed*

* * * * *

## NOTICE OF FILING

      Defendant Aerotek, Inc. ("Defendant" or "Aerotek") files this Notice of Filing a Notice of Submission of Civil Matter for Final Adjudication. On April 1, 2024, Defendant filed Defendant's Motion to Strike Plaintiff's Jury Demand ("Motion to Strike"). On April 8, 2024, Defendant presented its Motion to Strike before this Court during its regularly scheduled weekly motion hour, and Plaintiff Shelby Willis, through her counsel, stated she would file a response in opposition. This Court ordered Plaintiff to file a written opposition to the Motion to Strike by April 22, 2024 and Defendant to file a reply in support of the Motion to Strike by April 29, 2024. Plaintiff did not file an opposition to the Motion to Strike. Accordingly, with no opposition to the Motion to Strike, this Court should grant the Motion to Strike as unopposed.

Dated: April 29, 2024

Filed        24-CI-001039     04/29/2024        David L. Nicholson, Jefferson Circuit Clerk

7406AD6B-2CC0-4B89-BA81-CD2D479AA26F : 000003 of 000004

NF : 000001 of 000002

Filed          24-CI-001039    04/29/2024          David L. Nicholson, Jefferson Circuit Clerk

Respectfully Submitted,

*/s/ Kimberly J. O'Donnell*
Kimberly J. O'Donnell (KY Bar # 92637)
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1300
Lexington, KY 40507
Telephone: (859) 288-4696
Email: kim.odonnell@dentons.com

And

Hillary L. Klein (admitted p*ro hac vice*)
KY PHV #PH20534
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  816.983.8000
Facsimile:  816.983.8080
Email:  hillary.klein@huschblackwell.com

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024 a true and accurate copy of the foregoing **Notice of Filing** was filed with the Clerk of Court by using the KYeCourts, and a copy was served via U.S. Mail, postage prepaid, and electronic mail upon the following:

James M. Bolus, Jr.
Caroline K. Berger
BOLUS LAW OFFICE
600 W. Main Street, Suite 500
Louisville, Kentucky, 40202
(502) 584-1210
(502) 584-1212 -Facsimile
bo@boluslaw.com
caroline@boluslaw.com

*/s/ Kimberly J. O'Donnell*
Counsel for Defendant

2